In the Matter of Orville Dale
HAIFLICH, Laura Lea
Haiflich, Debtors.

Bankruptcy No. 84-10739.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

July 8, 1986.

C. David Peebles, Fort Wayne, Ind., for debtors.

Robert E. Grant, Fort Wayne, Ind., for movant.

## ORDER

ROBERT K. RODIBAUGH, Chief Judge.

This matter is before the Court on a Motion to Make Additional Findings and Amend Judgment filed by the Federal Land Bank of Louisville (Bank). Hearing on the motion was held on May 7, 1986, and the matter was taken under advisement.

## Background

On September 4, 1984, the debtors filed a Chapter 11 bankruptcy proceeding. On November 13, 1984, the Bank filed a motion to lift stay or, in the alternative, for adequate protection. There were a number of continuances granted.

On March 27, 1985, the Court entered an interim order directing the debtors to pay the Bank $1,620.00 per month in adequate protection payments. The Court also granted the Bank a lien in the crop to secure the payments.

The Court, in its order of March 27, 1985, also set a briefing period. Upon expiration of the briefing schedule the matter was taken under advisement on August 26, 1985.

On November 14, 1985, the Court denied the Bank's motion for relief from stay. The Court further held that the current adequate protection payment of $1,620.00 a month would remain in effect and that this payment was sufficient to provide the Bank with adequate protection at that time. The Court did not specifically state its determination regarding the value of the property or the value of the Bank's interest in the property which required adequate protection.

## Issues and Conclusions

On November 19, 1985, the Bank filed a Motion to Make Additional Findings and Amend Judgment. The Bank requests that the Court review the testimony and evidence introduced by the parties at the hearing on the Bank's Motion for Relief from Stay. The Bank asks that the Court determine the value of the property. The debtors, at the hearing, also requested that the Court determine the value of the property, since such valuation will be required before the debtors' plan can be confirmed. (The Bank has objected to confirmation as it disputes the debtors' valuation under the plan regarding the Bank's secured claim.)

■ The Court has reviewed the evidence on valuation presented by the parties at the hearing held on March 22, 1985 and finds that these valuations are not adequate for determining the proper value which should be assigned to the property under the plan of reorganization.

Under the Bankruptcy Code it is clear that the valuations which are to be used for purposes of confirmation are to represent "Value, as of the effective date of the plan." 11 U.S.C. § 1124 and § 1129. See also, 5 *Collier on Bankruptcy,* ¶ 1124.-03[7], (15th ed. 1985). The valuations offered at the hearing of March 22, 1985 were prepared in August, 1984, and March, 1985. Such valuations are clearly not appropriate for determining current values, particularly with the recent rates of depreciation and fluxuation in the farm economy. See, 3 *Collier on Bankruptcy,* ¶ 506.04[2] (15th ed. 1985). Since the parties cannot agree on values under the plan, this Court will set a valuation hearing on the matter.

■ The Bank also requests that the Court determine the value of the property for purposes of ascertaining the creditor's interest which must be protected by the adequate protection order.

The Bank argues that the adequate protection order must protect the secured status which the Bank held as of the day the debtors filed their petition. Thus, if the creditor were fully secured at the time the bankruptcy petition were filed, the creditor has the status of an oversecured creditor and is entitled to attorney fees and interest under 11 U.S.C. § 506. The Bank cites a number of cases in support of its position. See, *In re Aegean Fare, Inc. v. Commonwealth of Massachusetts,* 33 B.R. 745 (Bkrtcy.D.Mass.1983).

The Bank argues that the Court must determine whether or not the Bank was fully secured on the date of filing so that the Bank can determine whether or not the current adequate protection order is protecting this interest. The Bank asserts that it was clearly oversecured as of the date of filing and it is, therefore, entitled to

adequate protection of its status as an oversecured creditor.[1]

The debtor argues that the appropriate date for determining the value which must be protected by an adequate protection order would be the value of the property as of the hearing date on the motion for adequate protection. The debtor disagrees with the Bank's assertion that the Bank was fully secured on the date of filing. But the debtor asserts that even if this were true it is irrelevant. The debtor maintains that as of the hearing date on the creditor's request for adequate protection the creditor was undersecured. Since this is the appropriate date of valuation for purposes of an adequate protection order, the debtor argues, the creditor is undersecured for purposes of determining what must be protected by an adequate protection order. The debtor cites *In re Walkup*, 28 B.R. 225 (Bkrtcy.N.D.Ind.1983) in support of its position. *In re Walkup*, however, dealt with valuation for purposes of confirmation of a plan, not adequate protection, and it is clear that the valuation dates for these determinations are different. 3 *Collier on Bankruptcy*, ¶ 506.04[2] (15th ed. 1985).

The Court has fully reviewed the two positions taken by the parties and the citations which were offered. The Court notes that a third position is set forth in 3 *Collier on Bankruptcy*, ¶ 506.04[2] (15th ed. 1985). *Collier* discusses the necessity of having different valuation dates depending on the purpose of the valuation and concludes:

> In the case of an adequate protection valuation, the determinative date should be when the protection was first sought. *Id.*

The Court, after reviewing the three possible valuation dates concludes that by using the date set forth in *Collier*, the most rational and fair result is achieved.

If the Court were to follow the Bank's argument and use the date the bankruptcy petition was filed, the Court can conceive of instances where the debtor could suffer a hardship. For example, a creditor may fail to request adequate protection for months, or even years, after the bankruptcy petition has been filed, and during that period the property could be depreciating. The creditor could then file a motion for adequate protection, seeking a large cash payment for its depreciation loss. The debtor may be unable to handle an unexpected order of adequate protection which would require him to "catch up" for past depreciation. Such burden may seriously hinder the reorganization. Although not directly on point, the same concerns were noted by the Court in *Matter of Deeter*, 53 B.R. 623 (Bkrtcy.N.D.Ind.1985) discussing *Grundy National Bank v. Tandem Mining Corporation*, 754 F.2d 1436 (4th Cir. 1985).

On the other hand, if the Court were to use the value as of the hearing date for purposes of an adequate protection order, as suggested by the debtor, this could result in harm to the creditor. A debtor could delay the hearing by requesting continuances in order to insure that a slightly oversecured creditor would become undersecured in the interval. Moreover, a crowded Court docket may prevent an immediate hearing on the creditor's request.

By making the determinative date the date when protection was first sought, the Court avoids any unfairness which could result from delay by the parties or the Court's calendar. Thus the Court adopts

---

1. The Bank's position, as stated in its brief, is that the Court must order adequate protection payments which will protect the Bank's equity cushion. Thus, according to the Bank, if a creditor has an equity cushion at the time of filing of $50,000.00, the Court must order adequate protection payments, not only to protect the Bank's principal, interest, and attorney fees, but to continue to maintain a $50,000.00 equity cushion. The Court does not accept the position that a large equity cushion of this nature would require adequate protection. See, *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir.1984).

Additionally, the Bank implies that once a determination is made that a creditor is oversecured, any and all reasonable attorney fees become part of the secured claim requiring adequate protection, even if they exceed the extent to which the creditor is oversecured. 11 U.S.C. § 506, however, begins with limiting language, "to the extent that" ... which suggests an upward limitation.

the position set forth in *Collier*. For purposes of determining adequate protection for the Bank in the case at issue, the determinative date for valuation is November 13, 1984, the date upon which the Bank filed its motion for relief from stay or for adequate protection. This determinative date would not necessarily be the date for commencement of the first adequate protection payment, particularly if the creditor were found to be undersecured. See, *Matter of Deeter*, 53 B.R. 623 (Bkrtcy.N.D.Ind. 1985).

■ With this determination the Court turns to the evidence introduced at the hearing of March 22, 1985. Both parties introduced testimony of professional appraisers. The Bank's witness testified that the appraised value of the property, as of August, 1984, was $224,000.00. He further testified that the valuation based on liquidation prices at that time would be $185,000.00.

The Bank alleges that the debt as of the date of filing was approximately $177,100.00; therefore, its interest was fully secured.

The debtors did not introduce evidence regarding the value of the property as of the filing date, but as of the hearing date. The debtors' witness appraised the property at $162,000.00.

Neither party introduced evidence regarding the value of the property on the date the Bank sought adequate protection (November 13, 1984).

Both witnesses attested to huge depreciation losses within the past year and a half, with estimates ranging from 20% to 40%. They both also testified that such depreciation was accelerated within the previous 60 days, and that the future market was highly uncertain. After hearing all of the evidence, it appeared to the Court that any valuation placed on the property, as of the date the Bank requested adequate protection, would have been highly speculative. Moreover, no specific evidence relating to valuation, as of that date, was introduced by the parties.

Because of tremendous dips in depreciation, general fluxuations in these dips, uncertainty regarding future depreciation, a questionable market for selling such land, and the insufficiency of the evidence on value as of November, 1984, the Court declined to assess a particular value for the property. The Court continued the interim order for adequate protection with an awareness that the order could be modified or the creditor could assert its inadequacy under 11 U.S.C. § 507(b) if such order proved to be inadequate once the market fluctuations leveled off.

It was anticipated that once a leveling off occurred, the debtor and creditor could reach agreement regarding valuations under the plan and the extent to which the creditor was protected by the adequate protection payments of $1,620.00 per month.

Apparently, the parties cannot agree on either matter. As indicated above, the Court has determined that a valuation hearing would be proper in order to establish a value for purposes of confirmation. Upon proper motion by either party, the Court would also consider a request for modification of the existing adequate protection order or a determination of the adequacy of the existing order under 11 U.S.C. § 507(b). Such determination would require evidence regarding the value of the property as of the date the creditor sought adequate protection and as of the current date, and other evidence reflecting on the adequacy of the existing payment.

The Court recognizes the costs and inconveniences in obtaining additional data on valuations. Since appraisals were already prepared, however, it would appear that updated valuations by the same appraisers would not be unduly burdensome.

The Court hereby sets a valuation hearing for August 20, 1986, at 8:00 a.m., in the Federal Building, 1300 S. Harrison Street, 2nd Floor, Room 265, Fort Wayne, Indiana.

SO ORDERED.